UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

POLA MARITIME LTD.                      :

                                             :      1:20-CV-338

                  Plaintiff,       :

                                               :      **VERIFIED COMPLAINT**

-against-                             :

                                               :

TONGLI SHIPPING PTE. LTD.           :

                                               :

                  Defendant.      :

----------------------------------------------------------------X

       Plaintiff, POLA MARITIME LTD. (hereinafter "POLA" or "Plaintiff"), by and through its attorneys, Chalos & Co., P.C., and files this Verified Complaint against Defendant, TONGLI SHIPPING PTE. LTD. (hereinafter "TONGLI" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

       1.      Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and is brought under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of rule 9(h) of the Federal Rules of Civil Procedure for claim of breach of a maritime contract.

       2.      Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because property belonging to the Defendant is located in the Southern District of New York.

## THE PARTIES

       3.      At all times material hereto, Plaintiff POLA, was and still is a foreign company organized under the laws of Cyprus.

       4.      At all times material hereto, Defendant TONGLI, was and still is a foreign company organized under the laws of Singapore.

## THE FACTS

5.      On or about April 26, 2019, POLA, as owners of the M/V POLA INDIAN (hereinafter the "Vessel") entered into a voyage charter party agreement with Defendant, TONGLI, where Plaintiff agreed to carry and TONGLI agreed to load a cargo of coal from Callao, Peru to one safe port South Korea.  A copy of the Fixture Recap is attached hereto as **Exhibit 1.** A copy of the pro-forma Charter Party is attached hereto as **Exhibit 2.**

6.      The charter party agreement is a maritime contract.

7.      The parties further agreed to arbitration of disputes arising out of the maritime contract in London with English law to apply pursuant to Clause 52.  *See* **Exhibit 2.**

8.      The Charter Party called for a hire payment of USD 13,000 per day for the minimum guaranteed duration of fifty (50) days which would have extended the voyage to June 25, 2019.

9.      While the Vessel was proceeding to Callao, Peru to pick up the cargo, Plaintiff was informed by Defendant that they were now refusing to proceed with the agreed and fixed voyage and repudiated the contract.

10.      As a result of the Defendants failure to honor their obligations pursuant to the Charter Party, Plaintiff suffered a loss of USD 625,625.

11.      In an effort to mitigate their damages, on or about May 7, 2019, Plaintiff found alternative employment for the Vessel at the much-reduced rate of USD 8,000 per day; this voyage concluded on May 10, 2019.  On or about June 9, 2019, Plaintiff fixed the Vessel on a second voyage, again, with the much-reduced rate of USD 11,009.30 per day.

12.     By performing two (2) replacement voyages, Plaintiff's damages as a result of Defendant's repudiation and failure to perform their obligation under the Charter Party total USD 304,747.98.

13.     On or about September 4, 2019, Plaintiff commenced arbitration in London against the Defendant.

14.     This action is an ancillary proceeding, brought in order to obtain jurisdiction over Defendant, TONGLI, and to obtain security for Plaintiff's claims in aid of the London Arbitration proceedings.

15.     Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law.  Section 49 and 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party.   It is standard for interest to be awarded in the amount of 5% compounded quarterly.

16.     As best as can now be estimated, Plaintiff POLA expects to recover the following amounts in London Arbitration from Defendant TONGLI:

| | | |
|---|---|---|
| a. | **Principal Claim:** | **$304,747.98** |
| b. | **Estimated interest on Principal Claim:** *(2 years at 5% compounded quarterly)* | **$31,841.93** |
| c. | **Estimated Attorneys' Fees and Costs:** | **$150,000.00** |
| d. | **TOTAL:** | **$486,589.91** |

17.     Therefore, Plaintiff's total claim for breach of the maritime contract against TONGLI plus applicable interest, costs, and fees in the aggregate is estimated to be no less than USD 486,589.91.

## <u>APPLICATION FOR ATTACHMENT UNDER</u>
## <u>SUPPLEMENTAL ADMIRALTY RULE B</u>

18.     Plaintiff repeats and re-alleges each and every allegation as set forth in paragraphs 1 to 17 as if set forth herein at length.

19.     The Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims of the Federal Rules of Civil Procedure.  *See Affidavit of Attorney Melissa Patzelt-Russo attached hereto as Exhibit 3.*

20.     Notwithstanding, the Defendant has within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment.

21.     The nature of international shipping in one in which vessels and contracts of carriage are agreed on and expected to be performed over an extended period of time.  Furthermore, these contracts contain obligations requiring regular and continuous payments.

22.     More specifically, Defendants own website (www.tongli-shipping.com) identifies a number of entities located within this Judicial District as "major clients" and holds them out as being clients which they have a regular and systematic business relationship with.

23.     Therefore, it is believed that these garnishee entities, located within the District, likely have, or will have,  during the pendency of this action certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various trading partners of the Defendant which include, but are not limited to Trafigura Trading, LLC, Cofco (USA) Inc., Duferco Steel, Inc., Duferco Trading Corp. and Eagle Bulk Shipping Inc.

24.     Trafigura Trading LLC, Duferco Steel, Inc., and Duferco Trading Corp. are all entities found within the District and maintain a registered agent at CT Corporation located at 28 Liberty Street, New York, New York 10005, and subject to service of process as a garnishee in this matter.

25.     Cofco (USA) Inc. is found within the District with an address located at 1 Penn Plaza, Suite 1514, 250 West 34th St, New York, New York 10119, and subject to service of process as a garnishee in this matter.

26.     Eagle Bulk Shipping Inc. is found within the District with an address at 29 Broadspire, Room 1610, New York New York 10006, and subject to service of process as a garnishee in this matter.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B.     That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this district, including physical property, or any property in which Defendant has an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.     That a judgment be entered against the Defendant in the sum of $486,589.91 and

the proceeds of the assets attached be applied in satisfaction thereof;

      D.    That the Court grant Plaintiff such other and further relief as it deems just, equitable

and proper.

Dated: January 14, 2020
      Oyster Bay, New York

                        Respectfully submitted,

                        CHALOS & CO, P.C.

            By:      /s/ Melissa Patzelt-Russo
                        George M. Chalos, Esq. (GC - 8693)
                        Briton P. Sparkman, Esq. (BS - 5220)
                        Melissa Patzelt-Russo, Esq. (MR-8150)
                        55 Hamilton Ave.
                        Oyster Bay, NY 11771
                        Tel: (516) 714-4300
                        Fax: (866) 702-4577
                        Email: gmc@chaloslaw.com
                                  bsparkman@chaloslaw.com
                                  mrusso@chaloslaw.com

                        *Attorneys for Plaintiff*
                        *POLA MARITIME LTD.*